**FILED**
**U.S. District Court**
**District of Kansas**
07/14/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRIAN LACAMERA,

      **Petitioner,**

      **v.**                      **CASE NO. 26-3233-JWL**

STATE OF KANSAS,

      **Respondent.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This is a pro se petition for writ of habeas corpus (Doc. 1) filed under 28 U.S.C. § 2241 by Petitioner Brian LaCamera. Petitioner appears to be on probation for one criminal case and released on bond in other cases.[1] Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which will be granted. For the reasons set forth below, the petition in this matter is subject to dismissal in its entirety. Petitioner will be required to show good cause, in writing, why this action should not be dismissed.

### Rule 4 Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

---

[1] "A petitioner may be found to be 'in custody' for purposes of the habeas corpus act in situations where the petitioner is not physically incarcerated." *Johnson v. Kansas*, 2019 WL 3765611, at *1 (D. Kan. 2019). "The custody requirement can be met where there is a severe restraint on a person's liberty imposed because of the individual's criminal conviction." *Id*. (citing *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973)). "Hence, courts have found petitioners to be 'in custody' when they are on parole or probation, or even released on their own recognizance pending execution of sentence, due to the significant restraints on liberty." *Id*. (citations omitted); *see also Brooks v. Hanson*, 763 F. App'x 750, 751–52 (10th Cir. 2019) (unpublished) (finding that custody "encompasses not only individuals subject to immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom.") (quoting *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009)).

court." 28 U.S.C.A. foll. § 2254.  Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.  Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  It "'may not rewrite a petition to include claims that were never presented.'"  *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

### The Petition (Doc. 1)

Petitioner seeks "total vacatur of his fraudulent state conviction and discharge from all pretrial and probation restraints."  (Doc. 1, at 1.)  His first ground for relief alleges that his conviction in Case No. LV-2025-CR-000337 is completely void as a matter of law due to being "secured through explicit document forgery of plea initials, judicial suppression of identity theft files, and a coordinated act of witness perjury by defense counsel to cover up the non-production of discovery against a 100% disabled combat veteran with absolutely no prior criminal record." *Id*.

As Ground II, Petitioner alleges that the Washington County Prosecutor and Sheriff's Office have engaged in malicious, bad faith prosecution.  Petitioner claims that they executed an armed entry under a June 6th recalled warrant containing a fatal wrong address "locking out Petitioner from posting bail for 36 hours to back-date electronic records on June 11th, and conducting an armed, warrantless residential entry via a kicked-in back door in July." *Id*.

In Ground III, Petitioner alleges that the Riley County Sheriff's Office executed a fraudulent investigation "track built upon intentional perjury on a sworn return, the deliberate

fabrication of a secure crime scene to invent a nexus, the bad-faith destruction of exculpatory video files, and the execution of a facially dead, expired warrant." *Id*. at 1–2.

Petitioner alleges as Ground IV that "the Respondents have executed a profound fraud upon the court by actively forging public court portal database logs, manufacturing entirely fictional court hearings and dismissals signed by defense counsel without client consent, and typing a false 4-day custody credit to criminally erase a 9-day extrajudicial naked isolation hold exposed by a time-stamped Bondsman's Affidavit." *Id*. at 2.

In Ground V, Petitioner alleges that he has been denied his Sixth Amendment right to effective, conflict-free counsel. He claims that court-appointed counsel "conditioned advocacy on illegal fees, held ex parte meetings in judge's private chambers, stood in complicit silence during perjury loops, and signed unauthorized waivers to secretly dismiss the Petitioner's Motions to Disqualify, Reinstate Bond, and for Release behind his back." *Id*.

Petitioner alleges as Ground VI that "[t]he Respondents have violated the Fourteenth Amendment Due Process Clause under the federal Stigma-Plus Doctrine by deliberately spreading fabricated criminal labels that blacklisted the Petitioner's commercial business, forced out-of-state clients over three hours away to cease transactions, and systematically isolated his minor children from the community to economic-liquidate his household." *Id*.

As Ground VII, Petitioner alleges that "[t]he Respondents executed an unlawful, non-consensual biological pretrial DNA extraction inside a closed jail cell utilizing a six-man extraction unit . . . deploying raw physical duress, explicit threats of permanent solitary confinement, and psychological bullying to enforce a facially dead, expired October 7, 2025 search warrant, in direct violation of the Fourth and Fourteenth Amendments." *Id*.

Petitioner asks this Court to:  1) overturn and vacate his conviction in Case No. LV-2025-

3

CR-000337; 2) halt a July 14, 2026 probation reporting mandate at the Washington County Sheriff's Office; 3) freeze the July 14, 2026 felony arraignment hearing in Case No. RL-2026-CR-000258; and 4) stay the upcoming July 21, 2026 Washington County status conference in Case No. WS-2026-CR-000002.  (Doc. 1–1, at 9.)

**Analysis**

Section 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).  However, a plausible claim for relief under § 2241 must assert that the petitioner is in custody in violation of a federal law, federal treaty, or the federal Constitution.  28 U.S.C. § 2241(c)(3).  A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 commonly "[is] used to attack the execution of a sentence . . . ."  *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019).  It may also be used to seek "to compel the State to bring [a pretrial detainee] to trial."  *See Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893–94 (10th Cir. 1977), which was discussing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)).

Petitioner's claims relate to three separate ongoing state criminal cases.  First, Petitioner argues that his conviction in Case No. LV-2025-CR-000337 is fraudulent, void, and should be vacated.  In that case, the state court entered an order on March 27, 2026, titled " Journal Entry of Sentencing and Denying Motion to Withdraw Plea" dated March 18, 2026.  *State v. Lacamera*, Case No. LV-2025-CR-000337 (District Court of Leavenworth County, Kansas).  The court denied Petitioner's motion to withdraw his plea and sentenced him to 12 months in custody suspended to probation.  *Id*.  On April 1, 2026, Petitioner filed a Notice of Appeal that remains pending.  *Id*.

Petitioner also asserts claims regarding his ongoing criminal proceedings in Washington County and Riley County.  Petitioner's criminal case in Washington County remains pending.  *See*

4

*State v. Lacamera*, Case No. WS-2026-CR-000002 (District Court of Washington County, Kansas). The court held a status conference on June 3, 2026, where the parties relayed to the court that they were continuing to work towards a resolution and requested additional time. The case was continued to a status conference scheduled for July 21, 2026. *Id*.

Petitioner's Riley County criminal case also remains pending. *See State v. LaCamera*, Case No. RL-2026-CR-000258 (District Court of Riley County, Kansas). Petitioner's First Appearance was held on May 22, 2026, with the next hearing scheduled for July 14, 2026. *Id*.

Petitioner's claims relate to three ongoing state criminal proceedings against him. Federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the person is in custody for an allegedly criminal act that was required by federal law or federal court order, when the person is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *See Ex parte Royall*, 117 U.S. 241, 251–52 (1886). Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that a federal court generally should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings

are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

More recently, the Tenth Circuit explained that "*Younger* and *Ex parte Royall* are related doctrines." Both "are based upon 'comity, that is, a proper respect for state functions'" and

> stand for "the requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings." *Younger* addressed a federal court's equitable power to issue an injunction enjoining state proceedings, while *Ex parte Royall . . . * involved a request for habeas relief.

*Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (unpublished order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)).

Even liberally construing the pro se petition, however, Petitioner does not allege that he has been criminally charged for acts done under the authority of a federal law or foreign government or that his case involves foreign relations, as would remove the case from the circumstances that require abstention under *Ex parte Royall*. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal cases in state court.

The criminal cases against Petitioner are ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, *see In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007); and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings, *see Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993).

It appears that *Ex parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Leavenworth, Washington, and Riley Counties.  Therefore, even if Petitioner had articulated a plausible ground for habeas relief in his petition, the record now before the Court reflects that *Ex parte Royall* would require this Court to abstain from considering Petitioner's request for habeas relief from his ongoing criminal prosecutions in state court.

It also appears that Petitioner has not exhausted his state remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.") (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas corpus action to show that he exhausted available state remedies)); *see also Knox v. Sharp*, 818 F. Appx. 817, 818 (10th Cir. 2020) (unpublished) ("Although 'no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them.'") (quoting *Burger v. Scott*, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003)).

Petitioner is granted time in which to submit a written response to this order that shows good cause why this matter should not be dismissed.  The failure to file a timely response to this order will result in this matter being dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Petitioner is granted until **August 14, 2026,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED.**

**Dated July 14, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**