# STATEMENT REGARDING JULY 16, 2025 FAILURE TO APPEAR, ZOOM INSTRUCTIONS, AND BOND

I, Brian Odell LaCamera, state as follows:

When I was released from Washington County Jail, I was instructed to contact the Leavenworth County Court **one to three days before my scheduled hearing** to obtain the Zoom link or information necessary to appear remotely.

I followed those instructions and contacted the Leavenworth County Court.

No one responded to my attempts to contact the Court until approximately **90 minutes before my scheduled court hearing**. I then received a voicemail from the Court stating, in substance, that the Court did not conduct hearings by Zoom and apologizing for the fact that no one had responded to me sooner.

At that point, I was approximately **150 minutes away from the Leavenworth County courthouse**. With only approximately 90 minutes remaining before my scheduled hearing, it was physically impossible for me to travel to the courthouse and appear on time.

I was subsequently arrested based upon an alleged failure to appear. The Court forfeited my bond and issued a bench warrant.

After I was arrested and brought before the judge, I explained that I had attempted to contact the Court as I had been instructed, that I had received the Court's response only approximately 90 minutes before the hearing, and that the Court's response informed me that Zoom was not available.

I asked the judge whether, if I provided proof that I had attempted to contact the Court to obtain the Zoom information and that the Court had not responded until approximately 90 minutes before the hearing, the Court would reinstate my bond and release me.

The judge told me **yes**.

My wife, Katie Safford, then transmitted the requested evidence to Leavenworth County court personnel so that it could be forwarded to the judge.

On **July 28, 2025, at 11:12 a.m.**, Katie Safford emailed Sadelle Schmitz and Heather Bohnsack concerning **Case No. LV-2025-CR-000337**. Her email stated that she had been instructed to provide the documents so that they could be forwarded to the judge. The email attached the voicemail transcript from the Court.

The evidence also included the telephone call history documenting my attempts to contact the Court.

Despite the judge's statement that he would reinstate my bond and release me if I provided proof of my attempts to obtain the Zoom information and the Court's late response, my bond was not reinstated.

Instead, the Court forfeited my existing **$10,000 bond** and increased the bond to **$20,000**.

The relevant chronology is therefore:

1. I was released from Washington County Jail and instructed to contact Leavenworth County Court one to three days before my hearing to obtain the Zoom information.
2. I followed those instructions and contacted the Court.
3. The Court did not respond until approximately 90 minutes before the scheduled hearing.
4. The Court's voicemail informed me that it did not conduct hearings by Zoom.
5. I was approximately 150 minutes from the courthouse, making physical appearance within the remaining 90 minutes impossible.
6. I was arrested for an alleged failure to appear.
7. My bond was forfeited and a bench warrant was issued.
8. After my arrest, I appeared before the judge and asked whether providing proof of my attempts to contact the Court and the Court's late response would result in reinstatement of my bond and my release.
9. The judge said yes.
10. My wife then transmitted the requested evidence to court personnel for forwarding to the judge.
11. The evidence included the Court's voicemail and the telephone call history.
12. Instead of reinstating my $10,000 bond and releasing me, the Court forfeited the bond and increased the bond to $20,000.

I submit the July 28, 2025 email, the attached voicemail transcript, the telephone call history, the relevant court records, and the bond orders as documentary evidence supporting this chronology.

I do not ask the Court to rely solely upon my recollection. I ask the Court to compare my statement with the contemporaneous electronic records and official court records documenting what occurred.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Executed on August 14, 2026.

**Brian Odell LaCamera**
Petitioner, Pro Se