FILED
U.S. District Court
District of Kansas
09/01/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN ODELL LACAMERA,** **Case No. 5:26-cv-03233-JWL**

Petitioner,

**v.**

**STATE OF KANSAS,**

Respondent.

**PETITIONER'S EMERGENCY MOTION FOR IMMEDIATE TEMPORARY STAY OF PROBATION ENFORCEMENT PENDING THIS COURT'S DECISION**

## I. EMERGENCY REQUEST

COMES NOW Petitioner, Brian Odell LaCamera, appearing pro se, and respectfully moves this Court for immediate temporary relief from enforcement of the probation restrictions presently affecting his liberty and ability to work while this Court considers his pending federal habeas petition and request for a stay.

Petitioner is not asking this Court to stop the underlying state criminal proceedings. He seeks only narrow temporary relief concerning probation enforcement while the federal Court determines the pending federal claims. The request is urgent because Petitioner has received notice of a probation-violation hearing scheduled for September 2, 2026.

## II. FACTS RELEVANT TO THE EMERGENCY

1. Petitioner filed his federal habeas proceeding on July 13, 2026 and thereafter responded to this Court's Order to Show Cause.

2. On July 14, 2026, Petitioner had a scheduled probation appointment in Washington, Kansas at approximately 9:00 a.m. Petitioner arrived at approximately 9:07 a.m. despite a dead battery that morning.

3. Petitioner requested to see his probation officer and was told that she was with another person and would come get him when she was finished.

4. Petitioner also attempted to provide local authorities with a file-stamped copy of his federal paperwork. The undersheriff refused to accept it and told Petitioner to have an attorney serve it. Petitioner explained that he was proceeding pro se.

5. Petitioner had a previously scheduled 1:00 p.m. court proceeding in Manhattan, Kansas and needed to leave sufficient time to travel there. After the interaction with the undersheriff, Petitioner no longer felt comfortable remaining at the facility.

6. Petitioner informed the person at the front desk that he had to leave for court and asked that a copy of his file-stamped federal paperwork be provided to his probation officer.

7. Approximately ten minutes after Petitioner left, his probation officer called him. Petitioner explained what had occurred and explained that he did not feel safe or comfortable remaining at the facility.

8. The probation officer indicated that she understood his concern, stated that she would send the paperwork to the appropriate probation office, and instructed Petitioner to call her after his Manhattan court proceeding.

9. Petitioner complied with that instruction and called his probation officer after court. He was not then told that he was considered to be in violation or given a new reporting instruction.

10. Petitioner thereafter received no further communication from the probation officer before receiving notice of the present probation-violation proceeding.

## III. LIMITED NATURE OF THE REQUEST

11. Petitioner understands that filing a federal habeas petition does not automatically stay state proceedings.

12. Petitioner also understands that federal courts ordinarily exercise restraint concerning ongoing state criminal proceedings and that principles including Younger v. Harris, 401 U.S. 37 (1971), may limit federal injunctive relief.

13. Petitioner therefore does not ask this Court to halt the state criminal case generally.

14. Petitioner asks for the narrowest temporary relief necessary to prevent additional probation consequences while this Court decides the federal petition and the pending stay request.

15. Specifically, Petitioner requests temporary suspension of enforcement of probation restrictions to the extent they prevent legitimate interstate travel required for employment and operation of his mobile scrap and electronic-waste business.

16. Petitioner remains willing to comply with reasonable supervision requirements that do not prevent him from maintaining lawful employment and supporting his household.

## IV. GOVERNING STANDARD

17. Petitioner recognizes that preliminary injunctive relief ordinarily requires consideration of likelihood of success on the merits, irreparable harm, the balance of equities, and the public interest. See White v. Kansas Department of Corrections, 617 F. App'x 901, 904 (10th Cir. 2015); RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009).

18. Petitioner does not ask the Court to prejudge the ultimate merits. He asks the Court to preserve the status quo while the federal claims and stay request are considered.

19. Petitioner respectfully submits that the imminent September 2, 2026 probation proceeding creates a concrete and immediate risk of additional restrictions or sanctions before this Court can decide the pending federal matter.

## V. IRREPARABLE HARM

20. Petitioner operates a mobile scrap and electronic-waste business that requires travel outside Kansas to obtain material and conduct business.

21. If necessary interstate business travel can be treated as a probation violation, Petitioner faces a direct threat to his livelihood and ability to support his household.

22. Petitioner is also attempting to rebuild a stable family household and provide financial support for a family member who has recently returned to the household after approximately three years apart and who needs substantial counseling, therapy, and support.

23. Additional probation restrictions or sanctions before the federal Court decides the pending matter could cause loss of business opportunities, income, liberty, and family stability that cannot be fully repaired after the fact.

## VI. BALANCE OF EQUITIES AND PUBLIC INTEREST

24. The requested relief is narrowly tailored. Petitioner is not asking the Court to dismiss the state charges or prevent state-court hearings.

25. Petitioner asks only for temporary relief concerning probation enforcement and interstate travel for legitimate employment while the federal Court considers the pending matter.

26. Petitioner is willing to remain subject to reasonable conditions, maintain communication with probation, and comply with lawful court requirements.

27. The public interest favors meaningful access to federal review, lawful judicial process, continued lawful employment, and the ability of a person under supervision to support his household without unnecessary disruption.

## VII. ALTERNATIVE REQUEST

28. If this Court determines that it lacks authority to grant the exact probation relief requested because of federal habeas or abstention limitations, Petitioner respectfully requests the narrowest relief available within the Court’s jurisdiction, including expedited consideration of

the pending stay request and, if appropriate, temporary preservation of the status quo until that request can be decided.

**VIII. REQUEST FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

A. Immediately consider this Motion on an emergency basis;

B. Temporarily stay enforcement of the probation restrictions at issue in Petitioner's federal proceeding pending a decision on his habeas petition and request for stay;

C. Permit Petitioner, during the temporary period, to travel outside Kansas for legitimate employment and business purposes, including operation of his mobile scrap and electronic-waste business;

D. Temporarily prevent such legitimate interstate business travel, by itself, from being treated as a probation violation;

E. Alternatively, expedite the Court's ruling on the pending stay request before the September 2, 2026 probation-violation hearing; and

F. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

Brian Odell LaCamera

Petitioner, Pro Se

Case No. 5:26-cv-03233-JWL

Date: September 1, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I served a true and correct copy of the foregoing Motion upon all parties and counsel of record in accordance with the applicable federal and District of Kansas procedures. [Before filing, insert the name(s), address(es), and method of service for each person served, if required.]

Brian Odell LaCamera

Petitioner, Pro Se